UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARLAND BRYANT, JR.,

    Plaintiff,

v.                                                   Case No. 6:08-cv-252-Orl-19DAB

SCOTT MOSTERT, et al.,

    Defendants.
_____

**ORDER**

This case is before the Court on the following motions:

1. Plaintiff's Affidavit of Indigency (Doc. No. 6), construed as a motion to proceed *in forma pauperis*, is **DEFERRED** until Plaintiff submits additional financial documentation. Accordingly, the **Clerk of Court** shall send a Prisoner Consent Form and Financial Certificate to Plaintiff. Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall **either** file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Failure to do so or to explain noncompliance with this Order within the allotted time will result in the **dismissal** of this action without further notice.

2. Plaintiff's Motion for Waiver of Governmental Immunity (Doc. No. 7) is **DENIED** without prejudice. No basis exists at this time to grant the relief requested in the motion.

3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 8) is **DENIED**. A civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id*. In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. No exceptional circumstances, such as novel or complex facts and legal issues, are apparent in this action necessitating the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). This is not a complex case, nor does it raise any new or novel legal issues or facts. Further, from the pleadings filed in this case, Plaintiff has shown he is capable of prosecuting this action on his own and litigating this action *pro se*.

**DONE AND ORDERED** at Orlando, Florida, this __4th__ day of March, 2008.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 3/4
Garland Bryant, Jr.
Counsel of Record